The People of the State of New York, Respondent, 
against
Carlos Rodriguez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered February 2, 2012, after a jury trial, convicting him of assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (James M. Burke, J.), rendered February 2, 2012, affirmed. 
The verdict, in which the jury rejected defendant's justification defense, was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The testimony of the victim, as credited by the jury, disproved defendant's justification defense beyond a reasonable doubt. 
The court properly denied defendant's suppression motion. The record supports the court's findings that when defendant made a statement at the police precinct prior to his arrest, a reasonable innocent person in his position would not have thought that he was in custody (see People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; see also Stansbury v California, 511 US 318 [1994]). Defendant voluntarily went to the precinct at a detective's request and, although the detective told defendant that he "needed" to speak to him, the credited testimony established that the detective expressed a request and not a direction (see People v Dillhunt, 41 AD3d 216, 217 [2007], lv denied 10 NY3d 764 [2008]; People v Miller, 100 AD3d 466, 466 [2012], lv denied 22 NY3d 957 [2013]). At the precinct, defendant was not handcuffed or restrained in any manner, the door to the interview room was left open and the police did not do anything to convey that defendant was not free to leave (see People v Andrango, 106 AD3d 461, 461 [2013], lv denied 21 NY3d 1040 [2013]).
This conclusion is not undermined by the detective's testimony that defendant would have been placed in custody had he sought to depart from the police station since these subjective intentions were never conveyed to him (see People v Andrango, 106 AD3d at 461). "A policeman's unarticulated plan has no bearing on the question whether a suspect was in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation" (Berkemer v McCarty, 468 US 420, 442 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 27, 2017